**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 2 3 2003

[signature]
CLERK

WESLEY L. MAXWELL,

    Plaintiff,

v.                              No. CIV-02-0568 LH/LFG

CITY OF ALBUQUERQUE, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915A and Fed.R.Civ.P. 12(b)(6). Defendants removed the complaint from state court. Plaintiff is incarcerated, appears pro se, and was granted leave to proceed in forma pauperis in the state court proceeding. For the reasons below, Plaintiff's federal claims will be dismissed and his state law claims will be remanded.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se

complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint's underlying claim is that Plaintiff was falsely arrested by members of the Albuquerque Police Department ("APD") and other defendants on charges of shoplifting and a related parole violation. Specifically, Plaintiff alleges that the two APD officers who arrested him were not in uniform, were working off-duty as private security guards, and did not comply with rules governing citizen's arrests. He claims that the use of off-duty police officers by private employers to bring criminal charges is a "constitutionally forbidden rule or procedure." The complaint also asserts that Plaintiff should not have been subjected to a "probation hold" at the time of his arrest because his probation term had already expired. Furthermore, Plaintiff alleges that certain Defendants have failed to set a timely hearing on Plaintiff's probation revocation. Last, he claims Defendants' actions resulted from conspiracy and racial bias. The complaint seeks damages and unspecified injunctive relief.

Plaintiff's allegations of false arrest do not support a claim under 42 U.S.C. § 1983. In the first place, the Court finds no authority for Plaintiff's assertion that the Constitution prohibits the employment of off-duty police officers by private employers. Second, a citizen's arrest for shoplifting is permissible under New Mexico common law. *Downs v. Garay*, 742 P.2d 533, 536 (N.M. Ct. App. 1987). And because probable cause for Plaintiff's shoplifting arrest was established by the grand jury's indictment of Plaintiff, (Ex. A attached to Def.'s Mem. Supp. Mot. Dismiss), *Franklin v. Thompson*, 981 F.2d 1168, 1170 n.3 (10th Cir. 1992); *Mendoza v. K-Mart, Inc.*, 587 F.2d 1052, 1059 (10th Cir. 1978); *Smith v. Losee*, 485 F.2d 334, 342 (10th Cir. 1973), the warrantless arrest by a police officer was proper under N.M. Stat. Ann. § 30-16-23 (Michie Repl. Pamp. 1994).

2

Furthermore, because there was probable cause, the private entity department store Defendants are immune to liability for causing an arrest. N.M. Stat. Ann. § 30-16-23. Plaintiff does not allege that he was acquitted of the shoplifting charge, and his false arrest claim will be dismissed.

Nor is relief available on the claim of wrongful denial of parole. Plaintiff's damages claim is barred under the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. "[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (citations omitted); *Mueller v. Wark*, No. No. 97-3348, 1998 WL 614464, at *1 (10th Cir. Sept. 8, 1998). The complaint does not allege that Plaintiff's parole revocation has been set aside,[1] *Heck*, 512 U.S. at 486-87, and his allegations of wrongful incarceration fail to state a claim cognizable under § 1983. *Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001). This claim will be dismissed without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (plaintiff who overturns conviction may then bring § 1983 action).

Plaintiff's claims for conspiracy and racial discrimination will also be dismissed. Substantive claims against Defendants have been dismissed, and a party "may not be held liable under [conspiracy] theory . . . if there are no underlying constitutional violations." *Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995) (citing *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). And, in

---

[1] To the extent Plaintiff's request for injunctive relief seeks modification of his parole or probation status, he must file an application for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Rhodes v. Hannigan*, 12 F.3d 989, 991-92 (10th Cir. 1993)

3

view of the clear probable cause to arrest Plaintiff for shoplifting, the complaint contains no factual allegation to support a claim of racial discrimination. Last, because all of Plaintiff's federal claims will be dismissed, the Court declines to exercise supplemental jurisdiction, 28 U.S.C. § 1367(a) and (c), of Plaintiff's claims under the New Mexico Tort Claims Act. These claims will be remanded.

IT IS THEREFORE ORDERED that Plaintiff's claims under 42 U.S.C. § 1983 be DISMISSED, and a form of judgment will be entered in accordance with this opinion;

IT IS FURTHER ORDERED that Plaintiff's state law claims be REMANDED to the New Mexico Second Judicial District Court and this action be DISMISSED.

_____
UNITED STATES DISTRICT JUDGE